## Scribner, Burroughs & Co. v. Starbuck.

Partnership: contract: evidence considered.

*Appeal from Cherokee District Court.*

Tuesday, October 23.

Action in chancery to settle a partnership for the manufacture and sale of brick, entered into by virtue of a contract between plaintiff and defendant. There was a decree for plaintiff in the sum of $247. Defendant appeals.

*J. D. F. Smith*, for appellant.

*Kellogg & Herrick*, and *Eugene Cowles*, for appellee.

Beck, Ch. J.—The petition alleges that plaintiffs and defendant entered into a contract to manufacture and sell brick as equal partners. By the terms of the contract plaintiffs were to furnish the machinery and the defendant his personal labor, and the profits were to be equally shared and losses equally borne. Whatever brick were used by plaintiffs in the construction of a building to be erected by them were to be furnished by the co-partnership at net cost. The business contemplated by the contract was prosecuted by the co-partnership. The petition alleges that the business of the co-partnership has not been settled and prays for an accounting, and that the co-partnership be dissolved, and for such other relief as equity may require.

The answer of defendant denies that a contract as alleged in the petition, was entered into between plaintiffs and defendant, and denies that there was a co-partnership existing between the parties. Defendant avers that the terms of a contract were reduced to writing but not signed by defendant, and that defendant performed labor for plaintiffs to the value of $800, which plaintiffs now fraudulently claim was done under a contract of co-partnership. Upon the issues thus formed the cause was tried upon written evidence.

A controversy arises between the parties as to whether the cause is triable here *de novo*. An amended abstract shows that at the appearance term an order was entered for the trial of the cause upon written evidence, and that all of the testimony submitted at the trial is properly certified by the judge. The plaintiff denies that the transcript contains these matters set out in the amended abstract.

Upon an inspection of the transcript we find that the amended abstract is correct in its statements. The cause must, therefore, be tried here *de novo*.

The issue in the case involves the existence of the contract of co-partnership between the parties and the condition of the partnership accounts. The questions involved are wholly of fact; we think there is not a disputed proposition of law in the case.

The first question to be determined involves the existence of the contract

of co-partnership. The evidence upon this point is conflicting, and it must be confessed pretty evenly balanced. Burroughs testifies that the contract was entered into; the defendant testifies that it was not. But the circumstances proved, as the declarations of defendant, his acts in hiring men, making contracts for brick manufactured, etc., etc., corroborate the plaintiffs evidence, and to our mind give it a preponderating weight. We cannot enter into the discussion of the evidence. It is voluminous and would require more time and space than could be profitably employed in that way.

Having reached the conclusion that a contract of co-partnership was entered into by the parties, we are next to determine the condition of the partnership accounts. Nothing but a few questions of fact and matters of computation arise in this inquiry. Upon a careful examination of the evidence, we are satisfied that defendant is indebted to plaintiffs on account of advances made by them in the sum found by the court below, which they recover in the decree. The business resulted in loss to the firm. Plaintiffs' advances exceed those of defendants in the amount allowed in the decree, which we are satisfied is correct.

AFFIRMED.