PEARSON, Appellant, vs. SWITZER, Respondent.

*January 12 — February 8, 1898.*

*Contracts: Pleading: Recovery* quantum meruit.

1. In an action to recover a balance alleged to be due for services rendered under an express contract to pay specified wages, plaintiff cannot — at least not without amending his complaint — recover the reasonable value of his services, or introduce evidence upon that question.

2. On October 6 defendant hired plaintiff to take charge of his mill at C. at $60 per month. During November and December defendant moved his mill to G. On December 27 the parties settled for the work already done at the agreed price, and plaintiff was fully

paid. On January 1, following, plaintiff at defendant's request went to work at G. and continued to work there until September of the year following. He kept defendant's books, but did not credit himself with the $60 per month after January 1, as he had done before. *Held*, that he was not entitled to recover under the express contract for work done after January 1.

APPEAL from a judgment of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *George H. Single-ton* and *James J. Lunney,* attorneys, and *W. H. Stafford,* of counsel, and oral argument by *Mr. Stafford.*

For the respondent the cause was submitted on the brief of *Connor & Leonard.*

WINSLOW, J. This is an action to recover a balance claimed to be due upon wages for twenty-three months under an express contract to pay $60 per month, and to establish and enforce a lien therefor on certain lumber. The answer admitted the labor, but claimed that a part only was done under an express contract at $60 per month, namely, from October 6 until December 31, 1893, which had been fully paid, and that the remainder of the services from the last-named date until September 3, 1895, were rendered without express contract, but simply under a general hiring upon *quantum meruit;* and that the reasonable value of such last-named services was only $40 per month, which had been fully paid. At the close of the trial a verdict was directed for the defendant.

We have reviewed the evidence, and are satisfied that a verdict was rightly directed. There was really no material dispute as to the original hiring. The defendant had a planing mill at Cartwright, Wisconsin, and hired the plaintiff to take charge of it October 6, 1893, at $60 per month. The plaintiff himself testifies: "He [the defendant] offered me the position of looking after his business in general *at Cart-*

*wright*, for which I was to receive $60 per month. We agreed on the wages." In November and December of the same year the defendant moved his mill and business to Glen Flora. December 27, 1893, the parties settled for the work already done at the rate of $60 per month, and the plaintiff was fully paid. On the 1st of January, 1894, the plaintiff, at defendant's request, went to work at Glen Flora, and continued to work until September, 1895. He kept the defendant's books, but never credited himself salary at $60 per month, or at any fixed amount, after January 1st, although he had done so before that time. The defendant showed by ample testimony that the plaintiff's services were only worth $40 per month after January 1st, and there was no testimony to contradict this. It was undisputed that the defendant had fully paid for the services rendered at this last-named rate. The action was upon express contract only, and the plaintiff's own evidence shows that the express contract was only for work at Cartwright, and was closed and paid for in December, 1893. There is no basis in the evidence upon which it could be found that the subsequent work at Glen Flora was under the express contract.

As no claim to recover upon *quantum meruit* was made in the original complaint, the plaintiff was in no position to recover the reasonable value of his services, or to offer evidence upon that question, at least until by an amendment to his complaint he had laid the foundation for such a claim. This is not like the case of *Beers v. Kuehn,* 84 Wis. 33, where the complaint charged both express contract and an implied contract to pay the reasonable value. Here the plaintiff stood upon his averment of express contract to pay a specified sum from beginning to end, and affirmatively showed that the express contract was closed and paid in full.

These views render unnecessary the discussion of any other questions.

*By the Court.*— Judgment affirmed.