HERBERT L. HAYDEN v. JOHN M. BYRON.

November 13, 1899.

Nos. 11,757—(58).

## Contract—Acceptance of Offer by Letter.

A letter written by the defendant construed as an unconditional and perfect acceptance of plaintiff's offer to sell personal property.

Action in the district court for Dodge county to recover the purchase price of a set of abstract of title books. The case was tried before Buckham, J., who found in favor of defendant; and from an order denying a motion for a new trial, plaintiff appealed. Reversed.

*Herbert L. Hayden*, pro se.

*P. McGovern*, for respondent.

MITCHELL, J.

The plaintiff, a resident of Madison, Lac Qui Parle county, was the owner of a set of abstract of title books of that county. "Several days" prior to June 29, 1897 (the exact day does not appear), the defendant, a resident of Waseca, went to Madison to negotiate with the plaintiff for the purchase of the books. Plaintiff offered to sell them to the defendant for $700 cash on delivery. The trial court found that

"As the result of such negotiation the plaintiff and defendant then and there agreed that the defendant should return to Waseca, and within a few days write whether or not he would purchase the books at that price, and that, if he decided to do so, he should at once send plaintiff a draft for such sum, or return to Madison within a week and pay the same."

On June 29 defendant wrote to plaintiff:

"I will take the abstracts at $700. Will write later, or be up there [at Madison] next week."

Nothing further was done in the matter until July 28, when defendant wrote to the plaintiff:

"Things have shaped themselves so that it is impossible for me to take the abstracts. I cannot get the money together."

The foregoing is all that has ever been done in reference to the sale. The plaintiff has always been ready and willing to deliver the books on payment of the $700. He brought this action to recover that amount, as the purchase price of the books. The trial judge decided that the plaintiff could not recover on the ground as indicated by his memorandum; that defendant's letter of June 29, in view of the latter part of it, was a qualified and imperfect, and not an unconditional and perfect, acceptance of plaintiff's offer as made, and constituted in legal effect a refusal of plaintiff's offer, and a new proposal which was withdrawn before acceptance. The plaintiff challenges the court's finding of fact, as not justified by the evidence; and also the conclusion of law, as not supported by the findings of fact.

The defendant does not seem to dispute the proposition that, if his letter of June 29 constituted a perfect and unconditional acceptance of plaintiff's offer, the transaction constituted an executed contract of sale of the books in question, by which the title to the property passed to the defendant, although he could not have taken it away without paying the price. Upon the facts, this would at least be the presumption in the absence of any evidence or finding of a contrary intention. If so, then plaintiff might elect to treat the books as the property of the defendant, and sue on the contract for the purchase money. We do not think that there is any evidence to support the finding of the court that if defendant decided to take the books, and decided to pay for them by draft, he was to send the draft "at once," which we construe as meaning contemporaneously with the notice of acceptance. All the terms of the contract were agreed on, if defendant decided to accept plaintiff's offer. All the finding that the evidence will justify is that the defendant was to notify the plaintiff within a week, or perhaps a little more, whether he would take the books at that price; that, if he decided to take them, he should pay for them either in money in person at Madison (in which case the books were to be contemporaneously delivered to him), or by draft remitted to plaintiff at Madison (in which case the books were to be left for him in plaintiff's vault until defendant came there for them).

Construing thus the terms of plaintiff's offer, we are unable to see

anything conditional or imperfect in the defendant's letter of acceptance. The first part of it, standing alone, would certainly constitute a perfect and unconditional acceptance. There is nothing in the latter part which affixes any condition to the acceptance, or requests any modification or change of the offer. On the contrary, it is entirely consistent with an unconditional acceptance of the offer as made. To say, "Will write later, or be up there next week," would, under the circumstances, naturally mean, or at least be entirely consistent with the meaning, that he would write and send the draft, or go to Madison and pay the money in person, and get the books, next week, in exact accordance with plaintiff's offer. There is nothing in the letter to indicate that one or the other of these things would not be done within a week from the time the offer was made. It was not necessary, in order to constitute an unconditional acceptance, that defendant should repeat in his letter all the terms of the offer, in detail.

Order reversed, and a new trial granted.