## A. E. Briggs v. C. W. Kohl et al.

### Gen. No. 4,770.

1. PARTNERSHIP—*when burden of proving, is upon the defendant.* Where the defense interposed is that a transaction upon which a recovery is sought was a partnership transaction, the burden of proving such partnership is upon the defendant.

2. PARTNERSHIP—*what essential to establish.* To create a partnership independent of express agreement, there must be an interest in profits as profits and not as a mere means of payment for labor performed.

3. PARTNERSHIP—*how question of existence of, determined.* Whether an agreement creates a partnership or not depends upon the real intention of the parties; if the agreement is not in writing, the intention of the parties must be ascertained from their words and conduct.

4. PARTNERSHIP—*when instruction upon question of existence of, erroneous.* An instruction is erroneous which tells the jury that "the best evidence of a partnership is sharing between the alleged partners of all the profits and losses."

5. DEGREE OF PROOF—*when instruction as to, erroneous.* An instruction is erroneous which tells the jury that a party must prove a matter asserted by him to the satisfaction of the jury.

Action commenced before justice of the peace. Appeal from the County Court of Lake county; the Hon. DWIGHT L. JONES, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed March 13, 1907.

KING, LAMB & GAGE, for appellant; SULLIVAN & JARRETT, of counsel.

ORVIS & EDWARDS and COOKE, POPE & POPE, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Appellant brought suit before a justice of the peace against appellees. An appeal was taken to the County Court where there was a verdict for the defendants. A motion for a new trial was overruled and the suit is appealed to this court.

The record shows that appellant conducted a butcher shop in Lake Zurich, and runs a farm near that town. Appellees conducted a general merchandise store in the same town. In September, 1905, Briggs claims that Charles Kohl proposed that he and his brother would furnish the money to buy milch cows in the west, ship them in, sell them and give Briggs half the profits "for pasturing" the cows until they were sold. Kohls claim that Briggs agreed to "feed" or to "take care" of the cows for half the profits. Kohls brought a car-load of cows from Iowa, October 6th, and another October 12th. Briggs testifies that Charles Kohl asked him to feed the cows because they were very thin, and he objected. That Kohl said to him "that if he would feed them corn he would make it all right." Kohl denies this conversation. McCarthy, an employe of Briggs, testified that Charles Kohl asked him how much corn they had been fed and said "feed them plenty of corn and he would see that Briggs got his money." The evidence on the part of Briggs shows that corn was fed to the cows for over a month, and that at Kohls' request the cows were moved to a pasture where they had access to a hay stack and ate about two tons of hay. Kohls rendered a statement to Briggs showing receipts and disbursements in which after charging up travelling expenses, board and purchase money and crediting Briggs with a store bill of $26.80, Briggs was a debtor to them of twenty-six cents. Briggs by his statement of account sued to recover $100 for corn fed to the stock and $100 for half the profits for pasturing the stock. On the trial in the

County Court, appellees claimed that the transaction involved a partnership and hence could not be settled in a suit at law begun before a justice. Thereupon the appellant stated, that he was only claiming for corn and hay fed to the cattle on a special promise to pay therefor. It is not claimed that Briggs had any ownership in the cows, or that he had anything to do with buying or selling them. Appellees claim and testify that Briggs was to have half the profits for "feeding and caring" for them, while appellant claims and testifies that he was to have half the profits for "pasturing" only, and that Kohls promised to pay for the corn and hay. There was evidence in corroboration of both theories. There is no evidence that anything was said about a division of losses. Appellant on his theory would get nothing for his pasture unless there was some profit. Appellees do not claim but what if there was any loss on the sale of the cattle they were to stand all the loss except that of the pasture. If the cows had been taken with some epidemic and all have died, the loss would have fallen entirely on appellees.

Appellant claims that he was suing on a contract, and it did not appear from his evidence that the transaction amounted to a partnership. The appellees' defense was that the transaction was a partnership. The burden of proving that defense was upon the defendants, and not upon the appellant to prove that it was not a partnership. Furber v. Page, 143 Ill. 622. Parties may engage in a joint enterprise and not be partners, although they receive a portion of the profits. To create a partnership independent of express agreement, there must be an interest in profits as profits and not as a mere means of payment for labor performed. Parker v. Fergus, 43 Ill. 437; Burton v. Goodspeed, 69 Ill. 237. Whether an agreement creates a partnership or not depends on the real intention of the parties. If the agreement is not in writing the intention of the parties must be ascertained from their

words and conduct. Nat. Surety Co. v. Townsend Brick Co., 176 Ill. 156; Williams v. Fletcher, 129 Ill. 356. It is not clear that the parties to this suit intended to form a partnership relation, and the burden of proving that relation was on the party asserting its existence. If there was no intention of forming a partnership and the contract was as claimed by appellant, he would have the right to recover for the hay and corn furnished to Kohl brothers, Briggs claiming there was an express contract to pay him therefor, if the proof sustained such contention. If the arrangement was in fact a partnership, while it is a general rule that an action at law will not lie by one partner against another, yet there are exceptions to this rule. There is a line of authorities holding that one partner may sue another at law upon an express contract not involving any question as to the general accounts. Hartzell v. Murray, 224 Ill. 377; Berry v. DeBruyn, 77 Ill. App. 359. If the claim of appellees that appellant was to furnish feed including corn was the true theory of the case and it was a partnership, and there was no agreement to pay for the corn, then appellant could not maintain this suit at law, for the reason that a question involving the general settlement of the accounts was involved. Whether a partnership was involved or not was a question of fact to be decided by the jury under proper instructions.

Instruction number three given on behalf of appellees told the jury that "the best evidence of a partnership is sharing between the alleged partners of all the profits and losses." This was erroneous. The court should not tell the jury what is the best evidence. It was for the jury to decide from all the evidence whether it was the intention of the parties to form a partnership, and there was no evidence that there was to be any sharing in losses. Instruction number two given at the request of appellees told the jury "the burden of proof is upon the plaintiff and

he cannot recover unless he proves to your satisfaction and by the greater weight of evidence each and every material fact of his case." The law does not require that a party shall prove a matter asserted by him to the satisfaction of the jury but only by a preponderance of the evidence. It is sufficient if the jury believe from the evidence, even if it be not to their satisfaction. Instructions requiring such a degree of proof have repeatedly been condemned. Herrick v. Gary, 83 Ill. 89. Appellees cite Mayers v. Smith, 121 Ill. 442, as authority for the giving of this instruction. They overlook the fact that it was there given at the request of the plaintiff and it is not error for a party to voluntarily assume a greater burden than the law requires, but his opponent may not place on him such excessive requirement of proof against his will. The seventh instruction was erroneous because it assumed that parties jointly interested in a transaction are partners. For the errors indicated the cause is reversed and remanded.

*Reversed and remanded.*