DIAMOND RUBBER COMPANY v. EDMUND E. HANS and Others.[1]

July 31, 1908.

Nos. 15,741—(212).

**Evidence of Partnership.**

> The essential question on this appeal is whether the evidence was sufficient to sustain the findings of the court that appellant was a partner with the other defendants to whom plaintiff sold goods. There was testimony tending to show a partnership inter se and a holding out as to third persons. It is *held* that the evidence was sufficient to sustain the finding.

Action in the municipal court of Minneapolis to recover $138.28 alleged to be unpaid upon the purchase price of certain goods. The case was tried before Waite, J., who found in favor of plaintiff for

[1] Reported in 117 N. W. 504.

the sum demanded. From an order denying his motion for a new trial, defendant Edmund E. Hans appealed. Affirmed.

*M. A. Jordan* and *Thomas Kneeland,* for appellant.

*Fred W. Reed* and *C. D. Gould,* for respondent.

JAGGARD, J.

This action was brought against the defendants, Edmund E. Hans, Philip N. Mainguy, and Al. R. Reinberger, for the purpose of recovering against the defendants and each of them the value of goods, wares, and merchandise which were alleged to have been sold to defendants. Defendant Hans answered, denying specifically that he was ever a partner in the Twin City Motor Company with the other said defendants, or either of them, or otherwise. By stipulation the case was tried before the court without a jury, which found for plaintiff. Defendant Hans made a motion for a new trial on the ground that the judgment was not justified by the evidence and was contrary to law, and for errors of law occurring at the trial. From an order denying said motion, he appeals.

The essential question on the merits was whether Hans was a partner with the other defendants, Mainguy and Reinberger, in a firm known as the Twin City Motor Company. There was testimony tending to show a partnership inter se. Hans advanced the money, as he insists, or contributed it, as the plaintiff contends. He was to receive seventy five per cent. commission on all cars sold by the company. He sometimes opened the mail and paid salaries and talked over prospective customers with Mainguy. When the Twin City Motor Company went out of business, its property was turned over to Hans. He had drawn out some $200, as plaintiff insists, as profits.

There was also testimony tending to show a partnership as to third persons. The cars were bought in the name of the Twin City Motor Company and sold by it. For one car sold to one Shepherd, the latter gave two checks drawn to the order of the Twin City Motor Company. They were indorsed "Twin City Motor Co., Edmund E. Hans, Treasurer." Hans admitted that he so indorsed the checks, but insists that the car so sold belonged to him individually. There was testimony that at one time Mainguy said to one Roby, "I would like to have you see my partner, Mr. Hans." Mainguy then introduced

Hans. It is true that Hans denies having heard himself described as a partner. The inference from the circumstances was clearly for the jury.

Taking the controversy as a whole, it fairly presented questions. of fact. The trial court heard the testimony and saw the witnesses. No sufficient reason for disturbing its conclusions of fact has been called to our attention. The conclusion of law that plaintiff was entitled to judgment against all the defendants, including Hans, follows as a matter of course.

Other assignments of error pertain to rulings on trial, which have been examined and found to be without substantial error.

Affirmed.