## Allen N. Smith, Appellee, v. William H. Hart, Appellant.

### Gen. No. 5,645.

1. PARTNERSHIP—*verbal arrangement.* A partnership to deal in real estate may exist by a verbal arrangement and such an arrangement is not within the Statute of Frauds.

2. PARTNERSHIP—*how intention of parties in their dealings ascertained.* Where it is alleged that certain parties were partners, their intention in their dealings must be ascertained from their acts, words and conduct.

3. PARTNERSHIP—*when may be found that contract of, was made.* It can well be said that a contract of partnership was made where many real estate deals were jointly made by the parties and the profits and losses divided and they did business from time to time in their names as a firm and one or more witnesses testified that one of the parties said they were partners in a certain deal which admission is denied only by such party.

4. PARTNERSHIP—*misappropriation of assets.* If two parties were partners in a deal involving a certain farm and one reported to the other that he paid $80 per acre for it when he paid $75, and sold it to the other who paid a profit on it on the basis of the cost having been $80, such conduct on the part of the one amounted to a misappropriation of partnership assets.

Appeal from the Circuit Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed October 15, 1912. Rehearing denied April 2, 1913.

HENRY S. DIXON and GEORGE C. DIXON, for appellant.

BROOKS & BROOKS, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Appellee filed a bill in chancery against appellant for an accounting, alleging that the parties were partners, in general partnership to buy, sell and trade in land, and other property, and share the profits and losses equally; that the partnership commenced about September 1, 1904, and continued until about July,

1908. An answer was filed denying partnership. The cause was referred to a Master in Chancery to take and report the proofs only. On a hearing in the Circuit Court it was decreed that the parties were partners and on the accounting the court found appellant owed appellee $800, and gave a judgment and decree therefor against appellant. The case is brought to this court on appeal.

Numerous errors are assigned on the record, but as only questions of fact as to the weight of the evidence are touched upon in appellant's brief and argument, together with the law claimed to be applicable, the case resolves itself into one of the evidence (no point being made in the argument on the erroneous admission or rejection of evidence) and the law applicable to the facts proven.

It is clear from the evidence of both parties that there was no written contract of partnership, and in such case all the evidence must be construed in the light of what is actually proven as to the dealings of the parties with each other, and the manner in which each party dealt with others, with knowledge, actual or constructive, of the other party.

The intention of the parties in dealing must be ascertained from their acts, words and conduct. ·Bowen v. Rutherford, 60 Ill. 41; Van Buskirk v. Van Buskirk, 148 Ill. 22; Briggs v. Kohl, 132 Ill. App. 484; Heyman v. Heyman, 210 Ill. 524; Haug v. Haug, 193 Ill. 645. A partnership may exist even to deal in real estate by a verbal arrangement, and such an arrangement is not within the Statute of Frauds. Van Housen v. Copeland, 180 Ill. 74.

Having seen that by the law a partnership may exist under a verbal agreement, that the agreement may be either expressed or implied, and that the existence of the agreement may be proven by either direct or circumstantial evidence, there remains but the question of the facts in evidence in the case to determine whether

or not a contract of partnership existed between the parties to this suit.

Appellee testified that a verbal contract of co-partnership was entered into. It is conceded that a great many real estate deals were made and the profits divided; that a great number of other deals were started, but never completed, and the expense thereof borne by the parties jointly and that occasional settlements of profits or losses, as the case might be, were made.

Appellant contends however, that each real estate deal was a separate and distinct matter, and that the parties were jointly interested in each deal as it came along, but that no partnership existed at any time.

Appellee is corroborated by the circumstances conclusively shown in evidence. The parties did business, at least from time to time, and a number of times, in the firm name of Smith & Hart; kept funds in the bank from time to time in the name of Smith & Hart; that they jointly dealt in many farms, and shared the profits, and jointly paid the expenses of other deals.

Appellee testified that the McGinness farm deal was one on which he put much work, and it is shown by the evidence that the expense accounts were settled between the parties, which accounts contained items of expense paid in connection with the McGinness farm.

One or more witnesses testified for appellee that Hart said he and Smith were partners in the McGinness deal.

Appellant alone denies this admission, and alone testified that he and appellee were not partners at any time.

The circumstances, which are uncontroverted, show a course of dealing between the parties from which it could well be said that appellee was amply corroborated in his testimony, that a contract of partnership was made.

The only matter claimed to be unsettled was the McGinness farm deal, involving 320 acres of land, and the

court below was justified, from the evidence, in finding that the deal on that farm was a partnership matter.

It is shown by the evidence that appellant reported to appellee that he, appellant, paid $80 per acre for the farm, while the evidence of the man who sold the farm was that appellant paid him only $75 per acre for it.

Appellee bought the farm from appellant and paid a profit on it on the basis of the cost having been $80 per acre, thus leaving $5 per acre to be accounted for in the partnership accounts.

If a partnership is held to have been proven between the parties as to this farm, the conduct of appellant amounted to a misappropriation of partnership assets to the amount of $800 of appellee's money.

We are of the opinion that the holding of the trial court was right on both the law and the facts, and therefore the decree is affirmed.

*Affirmed.*