SOPHIA DYBVIG v. MINNEAPOLIS SANATORIUM and Another.[1]

January 29, 1915.

Nos. 18,964—(188).

**Action for services — evidence.**
    1. Evidence in an action to recover for services rendered by plaintiff at defendants' request, in nursing a patient at a sanatorium, *held* sufficient to sustain a recovery as upon an express contract, established by reference to the terms under which prior services of the same general character were rendered by plaintiff for defendants, supplemented by the conduct of the parties.

**Rulings on evidence.**
    2. There was no reversible error in the rulings concerning evidence or in the instructions.

Action in the municipal court of Minneapolis to recover $240 for work and services as a professional nurse. The case was tried before Charles L. Smith, J., and a jury which returned a verdict in favor of plaintiff for $248.72. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Nathan H. Chase,* for appellants.
*Wilbur H. Cherry* and *Hugo Lundborg,* for respondent.

[1] Reported in 150 N. W. 905.

PHILIP E. BROWN, J.

Plaintiff had a verdict in an action to recover for services alleged to have been rendered defendants on express contract. Defendants appealed from an order denying their alternative motion.

The evidence warranted the jury in finding the following facts: Defendant sanatorium conducted a general hospital in Minneapolis, defendant Baker being its secretary, treasurer and general manager. Plaintiff, a trained nurse, on March 15, 1913, at defendants' request, commenced to care for a patient in the said hospital. Before she entered the employment defendants inquired concerning her charge per week. She replied: "Twenty-five dollars," to which the response was made: "All right." She continued to nurse this patient for three weeks, and thereafter received payment therefor through defendant Baker. After the expiration of a week she was again called to the hospital by defendants and took charge of another patient for one week, for which service she was similarly paid. After an interval of one day she cared for a third case in the same manner and was paid in the same way. She remained at the hospital and immediately took up a fourth case, which employment continued for more than five weeks there, and for three weeks longer at the patient's home, the latter service not being rendered in connection with defendants. Whether the five weeks service was paid for does not appear. Later, on June 11, 1913, she was again called to the hospital by defendant Baker and at defendants' request nursed another patient for more than 10 weeks, for which she was not paid. Defendants at various times promised payment generally for the service, both during its rendition and afterwards, but no definite sum was mentioned and nothing was said concerning the amount of plaintiff's charges after the first conversation referred to. The recovery here sought was for the alleged agreed compensation of $25 per week claimed to have been earned after the date last mentioned. Defendants concede the employment in question was performed wholly upon their request.

The assignments of error hinge upon the claim that the recited facts neither established the right to nor justified a recovery upon an express contract, because all evidence relating to plaintiff's employments by defendants other than the one made the basis of this action,

was incompetent under the pleadings. It may be conceded that plaintiff was bound to establish an express contract, or fail in her suit. But such form of contract may be inferred from the acts of the parties as well as their spoken words. Musgrove v. City of Jackson, 59 Miss. 390, 392; Keener, Quasi Contracts, 4; Clark, Contracts, § 3; 9 Cyc. 245b. And the contract here involved belongs to that class described by Mr. Leake as being "of a mixed character in respect to the mode of making them, that is to say, partly expressed in words and partly implied from acts and circumstances." Leake, Contracts, 8. Both are to be taken into account in determining whether a contract was made; the law imputing to a person an intention corresponding to the reasonable meaning of his words and actions.

If, then, it fairly appears from their conversations and acts that the minds of the parties met on the proposition that plaintiff was to receive a stated sum per week for her services declared upon, an express contract was established; their acts and words being mutually supplementary and everything said and done during the prior employments tending to throw light upon their actual understanding being competent. From these it is difficult to deduce other than an agreement by defendants to pay and by plaintiff to accept for the services last rendered the price first agreed upon. Of course there was an express contract as to both parties, if as to either; and we think plaintiff would have encountered insurmountable difficulties if upon a *quantum meruit* she had attempted to recover more than $25 per week for such services, even if they were in fact worth more; especially as no claim was made of any material difference in the nature of the work done in the various cases nursed by her. A pertirent analogy is where an employment is continued after the expiration of the term without a new stipulation as to the price; in which case a rebuttable presumption of fact arises that the parties intended their original agreement as to compensation to continue in force. In such a case the recovery would not be upon a *quantum meruit,* but upon an express contract; the true question being whether the minds of the parties met upon the continuation of the service, at the old price. Ingalls v. Allen, 132 Ill. 170, 174, 23 N. E. 1026. And, of course, facts and circumstances might be shown to rebut the in-

ference that such was their intention.    Pearson v. Switzer, 98 Wis. 397, 74 N. W. 214.

The court charged substantially that if, when plaintiff was called to perform the services in question, each party understood she was to receive $25 per week therefor, such would be an express contract; but that such an understanding could not be inferred, unless from their continued course of dealing it was found that on the day plaintiff commenced her last employment each party so understood.   This was equivalent to saying that if the service was a continuation of the original nursing and within the general scope of the former employment, to the understanding of both parties, plaintiff should recover.

We hold the proof sufficient to establish an express contract and find no reversible error.

Order affirmed.