ALBERT KEIL v. P. M. FULLER, WM. C. FULLER, ROBT. E.
FULLER AND BENJ. F. FULLER, CO-PARTNERS AS
P. M. FULLER & SONS.

ROBERT E. FULLER, APPELLANT.[1]

April 6, 1923.

No. 23,314.

**Verdict that appellant was member of a firm sustained.**

1. In an action involving the membership of the co-partnership against which the action was brought the evidence is *held* to support the verdict to the effect that appellant was a member of the firm.

**Plaintiff's written admission to the contrary not conclusive.**

2. An admission by plaintiff subsequent to the commencement of the action and before the trial, in the form of a writing procured from him by one of the defendants, to the effect that appellant was not a member of the firm, *held* on the facts stated in the opinion not conclusive against him.

Action in the district court for Redwood county to recover $1,100 for labor and services rendered. The case was tried before Olsen, J., who directed a verdict in favor of Benjamin F. Fuller, and a jury which returned a verdict for $1,182.50 against the other defendants. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, Robert E. Fuller appealed. Affirmed.

*N. R. Ryerson* and *Albert H. Enersen*, for appellant.

*A. R. Laudon* and *George A. Barnes*, for respondent.

BROWN, C. J.

Action to recover for work, labor and services alleged to have been rendered by plaintiff for and at the instance of defendants, who the complaint alleges were copartners. The action was dismissed at the trial as to defendant Benjamin F. Fuller on the ground that the evidence did not connect him with the firm. The jury returned a ver-

[1]Reported in 193 N. W. 37.

dict against the other defendants for the amount claimed in the complaint. Defendant Robert E. Fuller appeals from an order denying his motion for judgment or a new trial.

The record presents no question as to the work and labor performed by plaintiff for the firm known as P. M. Fuller & Sons, or the value thereof. The controversy as the case went to the jury and as it comes to this court is whether defendant Robert E. Fuller was a member of the firm and liable as such for the payment of plaintiff's claim. The jury found as a fact that he was and returned a verdict accordingly.

1. It appears that Robert E. Fuller Sr. in his lifetime was the husband of defendant Phoebe M. Fuller and the father of the other defendants. He died in the year 1917. Prior to his death he had established a profitable business as a stock breeder in his farming operations in Redwood county. By his last will and testament he devised and bequeathed all and singular his property and estate to his widow and three sons, they constituting and being his next of kin, and thereby they became jointly and severally the owners thereof subject to the here unimportant life estate provisions made for the widow in all the property. The widow subsequent to the death of the husband determined to continue the business as theretofore established, and it is claimed in support of the action that in consummation of that purpose she joined her three sons with her and thereafter conducted the business under the firm name of P. M. Fuller and Sons. The formation of a copartnership for the continuation of the business is not disputed, but both Mrs. Fuller and the son Willard testified that they alone were the members thereof and that neither Robert nor Benjamin had any interest therein. Thus was presented the main issue of fact in the case, and the substantial question on the appeal is whether the verdict of the jury finding that appellant, Robert E. Fuller, was in fact a member of the firm is supported by the evidence. We answer it in the affirmative.

We have given the record careful consideration and find therein no sufficient basis for interference with the verdict, approved as it has been by the trial court. Notwithstanding the direct testimony of the witnesses referred to that appellant was not a member of the

firm, there is ample evidence, from other sources, tending directly to establish his connetcion therewith as a partner. It appears that during all the time in question appellant was a participant in the affairs of the partnership (he claims as an employe), and had full knowledge of the business activities and transactions thereof. Circulars were issued and distributed under the firm name of P. M. Fuller & Sons; several with the individual names of the firm, including the name of appellant. One or two of such circulars had not only the individual names but a photograph cut of the several members, including appellant. Some of the circulars were issued in the firm name of P. M. Fuller & Son, in the singular, but the great majority thereof were in the name of Fuller & Sons. Appellant was aware of that situation, in fact a participant therein, as the jury might well have found, and on one occasion at a county fair displayed a large banner directing attention to the Fuller exhibit, of which he had charge, under the name of P. M. Fuller & Sons. But we pause, further detail of the evidence is unnecessary. The verity of that presented was for the jury and trial court. The conclusion reached by the verdict is not clearly or manifestly against the evidence and must stand. The facts bring the case as respects the law on the subject within the rule stated and applied in McDonald v. Campbell, 96 Minn. 87, 104 N. W. 760.

2. After the commencement of the action and before the trial one of the defendants prepared and procured plaintiff to sign a writing wherein he was made to say:

"It is not our intention to claim that Benjamin F. Fuller and Robert E. Fuller are copartners with P. M. Fuller and Willard Fuller. We know that they are not concerned in the copartnership but advised by counsel to sue in that manner."

If it be conceded that plaintiff signed and in a general way was aware of the contents of the instrument, the jury might well have found that he did not fully understand the purport of the writing. But in any view it constituted nothing more than an admission of a fact, with reference to which plaintiff was not required to speak at his peril. He possessed no definite information on the subject and it is not conclusive against him. Plaintiff in his testimony made it

quite clear that, at the time the document was presented to him for his signature by Willard Fuller, he distinctly stated he did not know whether Robert was a member of the firm or not, but that he had been informed that he was. The rule of estoppel does not apply and the learned trial judge was sound in holding that plaintiff was not concluded as a matter of law by the admission so made. The admission is of no greater force or effect than may be ascribed to the act of Robert, at least silent acquiescence, in the distribution of advertising literature containing his name as a member of the firm.

We have examined the record with care and find no error to require a new trial, either in the admission or exclusion of evidence or in the instructions to the jury. The order denying defendants' motion for judgment or a new trial must therefore be affirmed.