RANDALL COMPANY v. GEORGE N. BRIGGS AND OTHERS.[1]

May 26, 1933.

No. 29,345.

[1]Reported in 248 N. W. 752.

*Paul C. Thomas,* for appellants.

*Morphy, Bradford, Cummins & Cummins,* for respondent.

*LORING, Justice.*

In an action to recover on a printing bill, plaintiff had a verdict. The defendants Briggs and Binswanger have appealed from an order denying their motion for judgment notwithstanding the verdict or a new trial.

Prior to December, 1930, the defendant Locheed, doing business under the name of the Minnesota Parent-Teacher Publishing Company with offices at the Louis F. Dow Company plant, had been publishing the Minnesota Parent-Teacher magazine. Briggs and Binswanger were engaged in publicity work and insurance, with offices in the Minnesota Building, St. Paul. December 9, 1930, the three entered into a contract which provided that Locheed should continue to publish the magazine, Briggs was to devote the necessary time to the magazine advertising, and Binswanger was to have charge of the financial end of the business. Each was to receive one-third of the net profits after certain deductions hereinafter referred to. Briggs and Binswanger, in whose office the editorial work and business connected with the publishing of the magazine was henceforth to be conducted, were to receive $100 per month for rent, heat, light, and similar overhead expenses. Locheed was to have $300 per month before a division of profits. Binswanger was to lend a certain amount of money at seven per cent interest to finance the publication and was to sign all checks on the bank account, which was kept in the name of the Parent-Teacher Publishing Company. He was also to have charge of all collections. Un-

der this arrangement the magazine was continued as the Parent-Teacher magazine, and the printing bill here sued upon was incurred.

The written agreement between the three defendants provided that it should not constitute a partnership. This agreement was to endure for a period of a year unless sooner terminated at the option of Binswanger or by his request to organize a corporation. A significant provision in regard to the formation of such a corporation was that it was to take over the business of the three associates without other compensation than the issuance to them of the common stock of the corporation, one-third to each. Binswanger was to have preferred stock of the corporation to the amount of the existing indebtedness to him.

In the actual operation of the business it appears that all policies with reference to the publication were settled in conference by the three associates and that no obligations were incurred without a meeting of the three. The name of Briggs was put upon the magazine as an editor and on the magazine and letterhead of the associates as one of the publishers. There was much discussion amongst the three defendants in regard to the letting of the contract for the printing of the magazine, and it was the desire of these appellants that the plaintiff company should have the business if it could meet competition in the matter of prices. The evidence fully justifies a finding that the officers of the plaintiff made it clear to the appellants that Locheed's credit was not such as to justify any order but that if the others were behind the publication the plaintiff would do the work and furnish the material, recovery for which is here sought.

■ It is the contention of the appellants that the evidence did not justify the court in submitting to the jury either the question whether there was a so-called express agreement by the appellants to pay the bill or the question as to the existence of a partnership amongst the three defendants from which a liability on the part of the appellants would arise though there was no promise on their part to pay the bill. We think the court rightly submitted both

questions. A contract may be inferred from acts as well as from express language. It may be partly expressed in words, partly in acts, and partly in circumstances. Such a contract is recognized as a form of express contract. Dybvig v. Minneapolis Sanitorium, 128 Minn. 292, 150 N. W. 905. In the case at bar the conversation, the acts, and circumstances which followed the assurance to the appellants that Locheed's credit would not justify the business were quite sufficient to sustain a finding of express contract.

■ We come now to the sufficiency of the evidence to establish a partnership, notwithstanding the provision in the contract that one. was not created thereby. A partnership may be the legal result of an agreement notwithstanding an expressed intention not to create such a relationship. McDonald v. Campbell, 96 Minn. 87, 89, 104 N. W. 760. It is the substance and not the name of the arrangement which determines the legal relation of the contracting parties to each other. We quote with approval the following language from 20 R. C. L. 833:

"If a partnership in fact exists, from the situation and matters intended by the partners, no concealment of name, no verbal equivalent for the ordinary phrases of profit or loss, no indirect expedient for enforcing control over the adventure will prevent the substance and reality of the transaction being adjudged to be a partnership. The courts will not countenance ingenious contrivances for giving persons the whole of the advantages of a partnership, without subjecting them, as they thought, to any of the liabilities, and an agreement which attempts to carry out a joint venture for the mutual profit of the adventurers and evade their responsibility for losses may be enforced and construed as creating a partnership."

Here it is quite apparent that the three defendants contributed their experience, their energies, and capital to a common enterprise in which they were to share the profits. The three of them managed and controlled the business. Binswanger and Briggs were not controlled by Locheed but participated with him in deciding all questions and in conducting the affairs of the common enterprise.

If successful, Binswanger, who furnished the capital, might cause the organization of a corporation the common stock of which was to be divided equally among the three, Binswanger taking preferred stock for the loan he had made. If the enterprise proved unsuccessful, can the appellants avoid responsibility for the debts of the common enterprise? We think not. The methods of the defendants, their acts, and the surrounding circumstances all made a question for the jury and justified it in finding that a partnership actually existed. McCarthy v. Nash, 14 Minn. 95 (127); Foot, Schulze & Co. v. Porter, 131 Minn. 224, 154 N. W. 1078; Keil v. Fuller, 155 Minn. 159, 193 N. W. 37; Meagher v. Fogarty, 129 Minn. 417, 152 N. W. 833; Pure Oil Co. v. Mainguy, 105 Minn. 522, 117 N. W. 504; Diamond Rubber Co. v. Hans, 105 Minn. 249, 117 N. W. 504; Dunn v. Madden, 109 Kan. 94, 197 P. 1116; Scribner, Burroughs & Co. v. Starbuck, 52 Iowa, 714, 2 N. W. 1014; Swygert Brothers v. Bank of Haralson, 13 Ga. App. 640, 79 S. E. 759; Hammel v. Feigh, 143 Minn. 115, 173 N. W. 570; Holmes v. Porter, 39 Me. 157; Dawson v. Iron Range & H. B. R. Co. 97 Mich. 33, 56 N. W. 106; Smith v. Hart, 179 Ill. App. 98; Marshall v. Marshall, 217 App. Div. 229, 216 N. Y. S. 673.

The appellants urge error on the part of the court in not giving to the jury the proper test as to whether a partnership existed amongst the defendants. The appellants took no exception to the charge as given at the time of the trial, and in their motion for a new trial the only assignment of error which covers this phase of the charge is one which assigns error on the giving of paragraph 19 of the court's charge. That paragraph extends over approximately three pages of printed matter in the record and covers not only the court's test of partnership but various other aspects of the case. We do not think that this was sufficient to direct the trial court's attention to the alleged error nor to preserve the appellants' right to have this phase of the charge reviewed. Moreover, in the absence of specific exception at the time, we think that the departure of the trial court from the rule as it now prevails was so slight as to come within the rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754.

The order appealed from is affirmed.