PETER BOOSALIS and Others v. CHARLES STEVENSON and Another.[1]

Oct. 10, 1895.

Nos. 9275—(79).[2]

**Findings Sustained.**

Evidence *held* sufficient to justify the decision of the trial court.

**Partnership—Admission of One Member.**

Where the complaint alleges that several defendants are copartners, the declarations or admissions of one of them that they are such copartners are competent evidence against him of the existence of such copartnership, but are not sufficient to charge the others as partners.

Action in the municipal court of Minneapolis by Peter Boosalis and others as copartners against Charles Stevenson and Charles J. Winneberg as copartners. At the trial one of plaintiffs testified, in regard to the account book referred to in the opinion, that the book was the one he kept his accounts in; that the accounts were made by himself in his own handwriting at the time of day he sold the goods; and that the items were just and true. The court, Holt, J., found in favor of plaintiffs and ordered judgment for $29 and interest from August 8, 1893. From an order denying a motion for a new trial, and also from the judgment, defendant Winneberg appealed. Affirmed.

[1] Reported in 64 N. W. 380.      [2] October, 1895, term.

*Merrick & Merrick*, for appellant.
*Geo. H. Benton*, for respondents.

BUCK, J.   The plaintiffs brought this action in the muncipal court of Minneapolis, and it is alleged in their complaint that they were copartners, and that the defendants were copartners at certain times on and before August 8, 1893, and that during said time plaintiffs sold and furnished to said defendants goods, wares, and merchandise of the value of $39, only $10 of which sum had been paid.   By their answer the defendants denied the existence of any copartnership on the part of either plaintiffs or the defendants, and they also denied the sale of such property to them.   The evidence of the existence of the defendants' copartnership is rather meager, and not very satisfactory, yet we do not feel justified in disturbing the finding of fact upon this point by the court below.

Upon the trial the plaintiffs offered in evidence their account book showing the sale of the goods to the defendants.   The defendants objected to its admission, but we think, upon the evidence introduced by the plaintiffs in connection with the offer to introduce the book in evidence, that the same was competent and properly admitted.

The defendants assign, also, as error, that the court admitted as evidence the "Minneapolis Directory 1893, page 1776"; but the record does not disclose the contents of that page of the directory, and we cannot, therefore, determine whether it was immaterial or incompetent, and it is only by inference that we can even determine which party offered it in evidence.

The plaintiffs, on the trial, asked a witness what the defendant Stevenson said when the bill for the goods sold to defendants was presented to him for payment, and the court permitted the witness to answer, against the objection of the defendants.   There was no error in allowing the plaintiffs to ask this question.   The declaration or admission of Stevenson that Winneberg was his partner would not be sufficient to charge the latter as a partner of Stevenson, but it would be competent evidence, as against Stevenson, of the existence of a copartnership between them.   Stevenson had denied such copartnership, and whatever he may have said bearing directly upon the existence of such copartnership was admissible.

Only one question more needs consideration. The plaintiffs, in their complaint, allege that they are copartners, but do not state that they were such at the time when the goods were sold to the defendants, but in stating their cause of action the complaint contains this allegation: "For a cause of action against defendants, plaintiffs state that on or before the 8th day of August, 1893, defendants became, and now are, justly indebted to plaintiffs, for goods, wares, and merchandise furnished by plaintiffs to defendants, and at their special instance and request, in the 'agreed sum and price of thirty-nine ($39) dollars, no part of which has been paid, except the sum of ten dollars." Upon this allegation, and under the evidence, the court would have been justified in finding that the defendants were indebted to the plaintiffs in the sum of $29, and interest from August 8, 1893. They were entitled to recover this amount, irrespective of the question of their copartnership, under the above pleading; and, if the admission of the testimony of the plaintiff Peter Boosalis that the plaintiffs were copartners at the time of the sale of the goods to the defendants was error, it was a harmless one, and not prejudicial to the rights of the defendants.

The order denying a motion for a new trial is affirmed.