MATTHEW McDONALD and Another v. EMILY P. CAMPBELL and Another.[1]

October 27, 1905.

Nos. 14,487—(67).

**Evidence.**

Evidence upon an issue of partnership considered, and *held* sufficient to justify the findings and order of the trial court.

**Partnership.**

There is no arbitrary test by which to determine when a partnership exists. As between themselves, parties are partners when the evidence · as a whole shows that they intended to combine their property, labor, and skill in an enterprise or business as principals for the purpose of joint profits.

**Examination of Witness.**

Permitting counsel to examine witness as to the contents of a written instrument, without first producing the paper and allowing the witness to examine it, *held,* under the circumstances of this case, error without prejudice.

Action in the municipal court of Minneapolis to recover from defendants Emily P. Campbell and Henry Bergesen, partners as Campbell & Bergesen, $116.49 and interest for goods sold and delivered. Defendant Emily P. Campbell alone appeared and answered, interposing a general denial. The case was tried before Charles L. Smith, J., who found in favor of plaintiffs for the sum demanded. From an order denying a motion for a new trial, defendant Campbell appealed. Affirmed.

*Savage & Purdy,* for appellant.

*Charles R. Fowler* and *Edward H. Crooker,* for respondent.

ELLIOTT, J.

The action was brought against the defendants as partners to recover the unpaid balance of an account for merchandise sold and delivered to the firm of Campbell & Bergesen. The only issue of fact at the trial was whether the defendant Emily P. Campbell was a mem-

[1] Reported in 104 N. W. 760.

ber of the firm, and upon this issue the trial court found in favor of the plaintiffs. From an order denying a motion for a new trial, the defendant Emily P. Campbell appeals to this court.

1. The evidence tending to establish the existence of a partnership between Bergesen and Mrs. Campbell was not very satisfactory; but it was sufficient to convince the trial court, and we find no reason for disturbing its conclusion. The witness Rudd, who appears to have been entirely fair and disinterested, testified that he called upon Emily P. Campbell at her residence as the representative of a commercial agency for the purpose of obtaining information about the financial condition of the firm of Campbell & Bergesen, and that in answer to his inquiry Mrs. Campbell stated that she was furnishing the capital to carry on the business and was personally responsible for all the debts of the firm. Mr. Campbell testified that he was the member of the firm, and that his wife at no time had any connection with the business. But it appeared that on March 3, 1904, he had made a statement of assets and liabilities on behalf of the firm, to which he signed the name of his wife as a member of the firm. The witness Rudd testified that he had this statement in his possession, but he was not able to say whether he had ever exhibited it to Mrs. Campbell. It was, therefore, not competent evidence to charge Mrs. Campbell as a partner (McNamara v. Eustis, 46 Minn. 311, 48 N. W. 1123) ; but it may have very materially affected the value of Mr. Campbell's statement at the trial that his wife had never been a member of the firm. The court believed the testimony of Rudd, and was of the opinion that his evidence, when taken in connection with the conditions and circumstances, was sufficient to show that Mrs. Campbell was a member of the firm.

It was necessary for the plaintiffs to establish the relation of partners as a fact, because there is no element of estoppel in the case. The witness Rudd did not represent the plaintiffs, and there is no evidence to show that the statement made to him by Mrs. Campbell was ever communicated to the plaintiffs. Accepting the facts as found by the trial court, we think the conclusion fairly follows that Mrs. Campbell was a member of the firm. Partnership is a contractual relation existing between persons who have combined their property, labor, and skill in an enterprise or business as principals for the purpose of joint profit. Baldwin v. Eddy, 64 Minn. 425, 67 N. W. 349 ; Meehan v. Valentine, 145

U. S. 611, 623, 12 Sup. Ct. 972 (Gray, J.). It exists when there is a community of interests in the whole property, business, and responsibility of the concern. It is true that some of the ordinary indicia of partnership are not disclosed by the evidence in this case. An admission by a party that he is a member of a firm is sufficient to bind him as such. Boosalis v. Stevenson, 62 Minn. 193, 64 N. W. 380. Such an admission is shown by this evidence. Mrs. Campbell was to furnish the capital and be responsible for the losses, and the fair inference is that she was to participate in the profits.

The question of partnership or no partnership is not to be determined by any arbitrary formula. In some of the early cases in this court the rule then generally prevailing was adopted, and the agreement to share profits was said to be a conclusive test of the existence of a partnership. Fay v. Davidson, 13 Minn. 491 (523); Wright v. Davidson, 13 Minn. 415 (449); Connolly v. Davidson, 15 Minn. 428 (519); Warner v. Myrick, 16 Minn. 81 (91). But, according to the modern doctrine, even an agreement to participate in profits is not conclusive evidence of a partnership. As said by Justice Cooley, in Beecher v. Bush, 45 Mich. 188, 200, 7 N. W. 785: "So far as the notion ever took hold of the judicial mind that the question of partnership or no partnership was to be settled by arbitrary tests, it was erroneous and mischievious." The gradual abandonment of the idea that such arbitrary tests exist may be traced from Grace v. Smith, 2 Wm. Bl. 999, through Waugh v. Carver, 2 H. Bl. 235, 2 Smith, L. C. (9th Ed.) 1178, to the celebrated case of Cox v. Hickman, 8 H. L. Cas. 268, which established the rule that even persons who share profits do not incur the liabilities of partners, unless the business is carried on by themselves personally or by others as their real or ostensible agents. Cox v. Hickman has been generally followed in this country. See authorities cited in note to George, Part. 143.

The question of partnership depends upon the consent and intention of the parties, and this intention must be ascertained from the whole evidence and all the circumstances of the case. 1 Bates, Part. § 15, et seq.; Shumaker, Part. § 31, and the cases there cited. But, where a partnership is the legal result of the agreement actually made, parties are partners, even though they have stipulated that they are not to be partners. "The intention is ascertained from the whole of the contract,

from the actual relations it creates, and not from the fact that the parties denominate it a partnership or may declare that a partnership is not intended." Bestor v. Barker, 106 Ala. 240, 250, 17 South. 389; Adam v. Newbigging, L. R. 13 App. Cas. 308, 316. In Badeley v. Consolidated, 38 Ch. Div. 238, 258, Lord Justice Lindley said: "I take it that it is quite plain now, ever since Cox v. Hickman, that what we have to get at is the real agreement between the parties." In the same case Lord Justice Bowen said: "To my mind the true test of partnership has been settled by the House of Lords and by court after court in a way which leaves it no longer open to discussion. The real test is that which is decided by a catena of cases, beginning with Cox v. Hickman and ending, I hope, with this case, though I am not sure of that. The question is whether there is a joint business, or whether the parties are carrying on business as principals and agents for each other. * * * The right way is to weigh the facts separately and together, and to draw your conclusion." See Ames, Cases on Partnership, 124, note.

It thus appears that no one fact or circumstance can be taken as the conclusive test by which to determine the question of partnership or no partnership. All that is necessary is that there be competent evidence to show that the parties have entered into a contractual relation by which they have combined their property, labor, and skill in an enterprise as principals for the purpose of joint profits.

2. It was error to permit the plaintiff's counsel to examine the witness R. S. Campbell concerning the contents of the written statement of assets and liabilities of the firm, without first producing the paper and allowing the witness to examine it. O'Riley v. Clampet, 53 Minn. 539, 55 N. W. 740; McDonald v. Bayha, 93 Minn. 139, 100 N. W. 679. But the case was being tried by the court without a jury, and we are satisfied, from an examination of the entire record, that the error did not in any substantial manner prejudice the rights of the appellant or in the slightest degree affect the result of the action.

The order appealed from is affirmed.