# LYDIA GRENGS v. CLARA ERICKSON AND ANOTHER.[1]

December 5, 1947.

No. 34,459.

*Ostensoe & Ostensoe,* for appellant.

*Freeman & King* and *Robert L. Hoppe,* for respondents.

PETERSON, JUSTICE.

This is an action for wrongful death in which it is claimed that decedent's death was caused by the negligent operation of an automobile driven by defendant Wayne Erickson and owned by defendant Clara Erickson. After verdict for plaintiff, the court granted defendants' motion for judgment notwithstanding the verdict.

Only one question is presented for decision, viz., whether a defendant's testimony must be accepted as true where he is contradicted as to some matters and where he is evasive as to others.

The accident occurred on the evening of November 10, 1945, while Wayne was driving the automobile in which the decedent, Ellaine Grengs, was riding as his guest passenger on a road having a tarvia-pavement center and solid grass-covered shoulders. According to

[1]Reported in 29 N. W. (2d) 881.

plaintiff's version, Wayne drove the automobile at such a high and dangerous rate of speed that he lost control of it; that as a consequence of his loss of control he drove the car first with the wheels on one side of the car on the tarvia and those on the other side on the shoulder; that he then zigzagged or cut across to the other side of the road so as to drive with the wheels on one side of the car on the shoulder and those on the other side on the tarvia; and that in so doing the car turned over several times, causing Ellaine's death.

Defendants denied the alleged negligence and, in addition, asserted that the accident was caused solely by Ellaine's grabbing hold of the steering wheel, thereby causing Wayne to lose control of the car. Wayne was the only eyewitness of the accident and of the alleged act of Ellaine's grabbing hold of the steering wheel.

The motion for judgment was granted upon the ground that under the rule of O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430, it was established as a matter of law that Ellaine grabbed hold of the steering wheel as claimed; that her doing so was the sole cause of the accident; and that therefore defendants were entitled to judgment.

In the O'Leary case, we announced the rule that the trier of fact cannot disregard the positive testimony of an unimpeached witness unless and until the record shows such improbability or inconsistency as furnishes a reasonable ground for so doing.

The rule of the O'Leary case has no application where the witness's testimony is contradicted or where he is evasive. Moeller v. St. Paul City Ry. Co. 218 Minn. 353, 16 N. W. (2d) 289, 156 A. L. R. 371; In re Estate of Calich, 214 Minn. 292, 8 N. W. (2d) 337; Malmgren v. Foldesi, 212 Minn. 354, 3 N. W. (2d) 669; Weber v. Arend, 176 Minn. 120, 222 N. W. 646.

Wayne's testimony was contradicted in some particulars by at least five witnesses. He denied that he told Ellaine's brother before he started on the fateful trip that he intended to drive to Marshall for the purpose of visiting Ellaine's cousin. Her brother

testified that Wayne told him before starting on the trip that such was his purpose. Wayne testified that he had no conversation in a store where he and Ellaine stopped for refreshments, to the effect that he would get to Marshall in about 15 or 20 minutes and that one of the women and Ellaine warned him against driving so fast. The evidence shows that Marshall is about 20 or 30 miles from the store and that in order to get there within the time mentioned by Wayne he would have had to drive at a very high rate of speed. The three women in their testimony flatly contradicted him, not only as to the fact that the conversation occurred, but also as to the particulars thereof. Wayne testified that he drove carefully at a rate of 40 miles per hour, and he denied that he knew the witness Gloria Peterson, who testified that she knew him and that he drove at a speed of 50 miles per hour shortly before the accident. Such a conflict in the evidence raises a question concerning the credibility of the witness (Wayne Erickson), which is for decision by the trier of fact, and where the credibility of a witness is in issue the trier of fact is free to accept or reject the witness's testimony. Moeller v. St. Paul City Ry. Co. 218 Minn. 353, 16 N. W. (2d) 289, 156 A. L. R. 371, *supra.*

Furthermore, Wayne's testimony was evasive. The evidence other than Wayne's testimony definitely showed that for a distance of from 200 to 300 feet from what was called the "Lundquist Driveway" Wayne had driven the car with the wheels on one side about two feet out on the shoulder and that when the car crossed over to the opposite side of the road it tipped over and rolled for a distance of 235 feet. After the accident, Ellaine's body was found about 25 feet from the car, and Wayne was found about 10 feet therefrom. Wayne testified that he could not say whether at all times he drove the car on the tarvia; whether the wheels on one side of the car had been out on the shoulder; whether the car had been driven across the road from one side to the other; whether the car had rolled over; and whether he and Ellaine were thrown from the car as the testimony showed. If Wayne had testified that he had driven the car

partly on the shoulders and then zigzagged across the road, as the physical evidence showed, such testimony would have established negligence on his part and a ground of recovery against both defendants. It is impossible to believe that Wayne did not know at the time that the wheels on one side of the car were out on the shoulder; that he zigzagged across the road; and that the car turned over. Denial by a witness of knowledge of facts known by him discloses a disposition not to tell the truth by withholding it. The witness's knowledge may be established by a showing that he probably has the knowledge which he denies. The trier of fact is not compelled to accept as true the testimony of a witness who has disclosed by evasiveness or otherwise a disposition not to tell the truth. State v. Hankins, 193 Minn. 375, 258 N. W. 578; State v. Kampert, 139 Minn. 132, 165 N. W. 972. Applicable here is the language of the vice-chancellor in Gibbons v. Potter, 30 N. J. Eq. 204, 210, where it appeared that a witness testified that he could not recollect facts which, if true, he should have remembered and which, if not true, he should have denied:

"* * * Such inexplicable ignorance is, in my view, an unmistakable badge of falsehood. A witness who feigns forgetfulness of the circumstances collateral to his main story, and which he must recollect if he has any memory at all, and in respect to which he would be open to contradiction if his testimony is untrue, is unworthy of belief."

Wayne's credibility was clearly a question for the jury, and the jury was warranted in rejecting his testimony to the effect that Ellaine grabbed hold of the wheel. That being true, the trial court erred in granting judgment notwithstanding the verdict, and the judgment entered pursuant to the order must be reversed.

Reversed with directions to enter judgment on the verdict for plaintiff.