Deanna L. **BYERS**, Relator,

v.

**COMMISSIONER OF REVENUE,**
Respondent.

No. A07–615.

Supreme Court of Minnesota.

Nov. 15, 2007.

Deanna L. Byers, Wayzata, MN, pro se.

Lori Swanson, Minnesota Attorney General, Catherine M. Keane, Assistant Attorney General, St Paul, MN, for Respondent Commissioner of Revenue Attorneys.

## OPINION

ANDERSON, Russell A., Chief Justice.

Relator Deanna L. Byers ("Byers") appeals a Minnesota Tax Court order requiring her to pay state income tax for the tax years 1996, 1997, and 1998. She argues that (1) the tax court lacked jurisdiction; (2) it is unconstitutional to place the burden of proof on the taxpayer to show the incorrectness or invalidity of the Commissioner of Revenue's assessment; (3) her failure to receive notice of the procedures for filing refund claims or taxpayer complaints renders the assessment invalid; and (4) there is insufficient evidence to support the tax court's findings. We affirm.

Byers filed no Minnesota state income tax returns for the tax years of 1996, 1997, and 1998.[1] On June 15, 2001, based on wage documentation from Glen Lake Bakery, the Commissioner issued Byers an order assessing income taxes, penalties, and interest for those years.[2] Byers requested reconsideration, disputing that any law required her to pay income tax. The Commissioner rejected the appeal. Byers then appealed to the Minnesota Tax Court.

On appeal to the tax court, Byers claimed "Naked Assessment of taxes, interest and penalties and misapplication of tax laws." Because she raised constitutional claims, the tax court transferred the case to Hennepin County District Court as required by *Erie Mining Co. v. Commissioner of Revenue*, 343 N.W.2d 261, 264 (Minn.1984). The district court retransferred the case to the tax court.[3]

---

1. Byers also filed no federal income tax returns, and the Internal Revenue Service ("IRS") investigation alerted Minnesota tax authorities to the problem.

2. For 1996, 1997, and 1998 respectively, the Commissioner assessed taxes of $3,073, $2,995, and $2,588, and penalties of $1,352.12, $1,317.80, and $1,138.72. In addition, it assessed interest, which has continued to accrue in the intervening years.

3. The district court retransferred the case more than three years after Byers first appealed to the tax court. The tax court attributed the significant delay to Byers's failure first to sign the Commissioner's joint motion to transfer the constitutional issue to the district court, and second to pursue her case in the district court after the tax court transferred it sua sponte.

At trial, the tax court granted Byers leave to amend her notice of appeal.[4] In the amended notice, Byers challenged the constitutionality of Minn.Stat. § 289A.37, subd. 3 (2004), now Minn.Stat. § 270C.33, subd. 6 (2006), which places the burden on the taxpayer to show the incorrectness or invalidity of the Commissioner's assessment. Byers also introduced a claim based on the Commissioner's failure to furnish a notice of the procedure for filing refund claims and taxpayer complaints as required by Minn.Stat. § 270.0603, subd. 3 (2004), now Minn.Stat. § 270C.28, subd. 1 (2006). Because of the late notice of Byers's amendment, the tax court decided to proceed with trial on the facts and then later, if it determined that it lacked jurisdiction over the new constitutional claim, transfer the legal issue to the district court again.

At trial, Byers introduced no evidence except her testimony that she received no wages from Glen Lake Bakery. She denied having any connection with the bakery, although she admitted on cross-examination that it was owned by her husband and formerly by his parents. She argued that the Commissioner should bear the burden of proof because, having received nothing, she had no evidence to show. The court noted, however, that Byers's husband had ignored the Commissioner's subpoena requiring him to produce the

Glen Lake Bakery records, which could corroborate Byers's testimony.[5]

The Commissioner demonstrated that it had based its assessment on information Glen Lake Bakery had provided to the federal government. A revenue tax specialist senior with the individual income tax division at the Minnesota Department of Revenue examined an exhibit and identified it as a Type W–2 Wage and Tax Statement for Byers. The exhibit identified Glen Lake Bakery as the payer and listed wages and withholdings for Byers. The Commissioner established that similar documents existed for each of the tax years at issue. The witness testified that he had used the W–2 information in establishing Byers's tax liability. He likewise identified quarterly printouts from the Department of Employment and Economic Development ("DEED") listing Byers's wages during part of 1996, 1997, and 1998. He testified that the DEED data corroborated the W–2 numbers.[6] Both the W–2 forms and the DEED printouts were admitted as business records over Byers's hearsay objections.

The tax court transferred the new constitutional claim to the district court, which promptly transferred it back.[7] Thereafter, the tax court solicited post-trial briefs and submitted the case for decision. The tax court affirmed the Commissioner's assessment, finding that Byers had received wages from Glen Lake Bakery; that the

---

**4.** Although Byers had sought and received the Commissioner's permission for her amendment, she failed to request a hearing with the tax court, which first heard of the proposed amendment in the pretrial briefs.

**5.** Byers came to trial with a Motion to Quash Subpoena from her husband in hand.

**6.** The Commissioner also called two other witnesses. A DEED employee testified as to how the wage reports are generated, and an IRS revenue agent specializing in employ-

ment tax testified similarly with regard to the IRS documents and process.

**7.** Byers questions the authenticity of these orders and suggests that they are fabrications. There is no support for this accusation. Moreover, the tax court acknowledged that Byers did not receive notice of the November 2005 *Erie* transfers and remedied the problem accordingly by granting a new trial solely on the issue of the constitutionality of Minn.Stat. § 239A.37.

tax court had jurisdiction under *Erie;* that the Commissioner's failure to give statutory notice did not invalidate the assessment; that the statute placing the burden of proof on the taxpayer is not unconstitutional; that wages are taxable income; and that the state and federal governments have the authority to tax income.

Next, Byers filed with the tax court a Motion for Amended Findings of Fact and Amended Conclusions of Law and New Trial. The tax court granted the motion in part. Among other arguments, Byers claimed she never received notice of the post-trial *Erie* transfers. Upon conclusion of Byers's motion, the tax court discovered that "none was sent due to a clerical oversight" and granted a new trial solely on the issue of the constitutionality of Minn. Stat. § 239A.37, noting that it had jurisdiction over all other issues at the time of trial. The tax court transferred the matter to the district court a third time. The district court transferred it back to the tax court for a third time. The tax court again affirmed the Commissioner's assessment. Byers petitioned this court for review upon certiorari.

### I.

■ When reviewing a final order of the tax court, we will reverse if "the Tax Court was without jurisdiction, * * * the order of the Tax Court was not justified by the evidence or was not in conformity with the law, or * * * the Tax Court committed any other error of law." Minn.Stat. § 271.10, subd. 1 (2006); *S. Minn. Beet Sugar Coop v. County of Renville,* 737

N.W.2d 545, 551 (Minn.2007). We review the tax court's conclusions of law de novo and findings of fact for clear error. *S. Minn. Beet Sugar Coop,* 737 N.W.2d at 551.

■ Byers first argues that the tax court lacked subject matter jurisdiction, because *Erie* required the tax court to stay proceedings pending the district court's resolution or retransfer of any constitutional claims. The tax court does not have original jurisdiction to hear constitutional questions. *Gonzales v. Comm'r of Revenue,* 706 N.W.2d 909, 911 (Minn.2005).

> If any party raises a constitutional issue, the tax court should stay the proceedings and refer the constitutional question to the district court. The district court may either decide the constitutional issue or refer the matter back to the tax court which will then have subject matter jurisdiction to rule initially on the constitutional issue.

*Erie,* 343 N.W.2d at 264.[8]

We conclude that the first of the three *Erie* transfer procedures in this case was sufficient to vest the tax court with jurisdiction over all constitutional claims. The tax court's first transfer order referred only to "issues of constitutionality." The district court conferred jurisdiction over "the constitutionality of the Minnesota Income Tax Code" issues referred by the tax court.[9] The district court order was broad enough to cover Byers's second constitutional claim, even though it arose later. Therefore, we hold that the tax court had jurisdiction over all the claims it decided.

---

**8.** Even after the district court refers a constitutional issue to the tax court, the tax court can declare a law unconstitutional only as to that particular case. *Erie,* 343 N.W.2d at 264 ("If the tax court should declare any matter unconstitutional and no appeal is taken to this court, that ruling shall only be the law of the particular case involved.").

**9.** At trial, Byers questioned the government's constitutional authority to impose taxes. Her amendment raised the new issue of the constitutionality of Minn.Stat. § 289A.37. On this appeal, she raises only the latter issue.

## II.

■ Byers next argues that Minn.Stat. § 289A.37, subd. 3, now codified at Minn. Stat. § 270C.33, subd. 6, violates substantive and procedural due process because it imposes the burden of proof on the taxpayer. Minnesota Statutes § 270C.33, subd. 6 (2006), provides that "[a] return or assessment of tax made by the commissioner is prima facie correct and valid. The taxpayer has the burden of establishing its incorrectness or invalidity in any related action or proceeding."

The constitutionality of allocating the burden of proof to the taxpayer is well settled. *See Rockwell v. Comm'r*, 512 F.2d 882, 887 (9th Cir.1975) (stating that a similar due process claim "borders on the frivolous" and observing that "[o]ne would have thought that, if there were a constitutional defect in [the federal rule imposing the burden on the taxpayer], the Supreme Court would long since have found it"). This court has rejected an identical constitutional argument about the presumption of correctness. *Larson v. Comm'r of Revenue*, 581 N.W.2d 25, 30 (Minn.1998) ("Placing the burden of proof on the taxpayer in civil tax cases is in accordance with the common[-]law principle of placing the burden on the party who has particular knowledge of the relevant facts.") (quoting *F–D Oil Co. v. Commr. of Revenue*, 560 N.W.2d 701, 707 (Minn.1997)). We hold that placing the burden on the taxpayer in a civil tax case of establishing the incorrectness or invalidity of an assessment is not unconstitutional.

## III.

■ Byers also argues that because the Commissioner failed to send her a statutorily required notice, the assessment is void. Minnesota Statutes § 270C.28 requires that "[t]he commissioner shall prepare statements that set forth in simple and nontechnical terms: * * * the procedures for filing refund claims and filing of taxpayer complaints." Minn.Stat. § 270C.28, subd. 1(3). However, "[f]ailure to receive the statement does not invalidate the determination or collection action * * *." Minn.Stat. § 270C.28, subd. 2 (2006). The Commissioner concedes that it provided no such statement but relies on the plain language of subdivision 2 to preserve the validity of the assessment.

Byers argues that the plain language of subdivision 2 covers only her failure to *receive* the notice, not the Commissioner's failure to *send* the notice. Neither the language of the statute nor any case law supports such a tenuous distinction. Byers also relies on this court's statement that "we read the plain language of the Taxpayers Bill of Rights to create requirements in addition to those of the statute authorizing the assessment order." *MBNA Am. Bank v. Commr. of Revenue*, 694 N.W.2d 778, 782 (Minn.2005). *MBNA*, however, contains nothing to abrogate the plain language of the statute with respect to the validity of an assessment. Rather, we held that an assessment that does not set forth the procedures for a refund action does not trigger the statute of limitations for a refund action. *Id.* at 783. This holding does not apply on these facts. We hold that under the plain language of Minn.Stat. 270C.28, subd. 2, the fact that the Commissioner did not send and Byers did not receive the required notice does not invalidate the assessment.

## IV.

■ Finally, Byers argues that the record does not support the tax court's conclusion that she received unreported income. The Commissioner presented three witnesses and business records from two different government agencies that collected information from Byers's employer and

produced consistent figures reflecting her wages. Byers argues that the documents admitted at trial were inadmissible hearsay. However, the tax court properly admitted them as business records under Minn. R. Evid. 803(6).

■ Byers also argues that the documents demonstrated only that Glen Lake Bakery paid her, not that she actually received the income. Byers was free to present documentary evidence showing that she received no income, but she failed to do so, offering instead only testimony that the tax court found "vague and evasive." "[F]ailure to produce evidence within the control of a party permits an inference that the evidence, if produced, would be unfavorable to the party." *Dreyling v. Comm'r of Revenue*, 711 N.W.2d 491, 497 (Minn.2006) (citing *Blumberg v. Palm*, 238 Minn. 249, 254, 56 N.W.2d 412, 415 (1953)). We hold that the evidence as a whole supports the tax court's decision.

Affirmed.